UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


UNITED STATES OF AMERICA


vs.                                          2:11-cr-97-FtM-29SPC


JUDE SEREME, NEHEME DUCTANT, RICK
JEAN, WILMANE JEAN, RASHID FRANCOIS,
MICHAEL DUPIN, JOPHANEY HYPPOLITE,
JENNIFER NICOLE SANDER, ERIC BONITA

_____


## OPINION AND ORDER

This matter comes before the Court on a Report and Recommendation (Doc. #190) recommending that defendant Neheme Ductant's Motion to Suppress Wiretap Evidence (Doc. #118) be denied.  The motion was adopted by other defendants, although the magistrate judge also recommends that motions to adopt by two defendants be denied because they were not aggrieved persons. Objections to Report and Recommendation (Doc. #207) were filed. The government has filed no response to the objections, and the time to do so has expired.

### I.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

Defendant Neheme Ductant's Motion to Suppress Wiretap Evidence (Doc. #118), as supplemented (Doc. #153), asserts that the wiretap evidence should be suppressed because other investigative procedures were in place, were working well, and would reasonably appear to succeed if continued.  Defendant argues that the government failed to meet its burden of showing necessity for the wiretap order, as required by 18 U.S.C. § 2518(1)(c), and therefore the Court should not have issued the interception order.  The Report and Recommendation (Doc. #190) recommends that the motion to suppress be denied, and that two motions to adopt the motion to suppress be denied for lack of standing by those two defendants.

Section 2518(1)(c) requires each application for interception of electronic communications to provide "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."   18 U.S.C. §

2518(1)(c).   This  required  explanation  of  other  investigative

procedures in an electronic surveillance application is "designed

to assure that wiretapping is not resorted to in situations where

traditional investigative techniques would suffice to expose the

crime."  United States v. Kahn, 415 U.S. 143, 153 n.12 (1974).   A

comprehensive exhaustion of all possible investigative techniques,

however, is not necessary before applying for a wiretap.   United

States v. Alonso, 740 F.2d 862, 868 (11th Cir. 1984).   As the

Eleventh Circuit recently stated:

> The "necessity" requirement in § 2518 ensures that law
> enforcement does not use electronic surveillance when
> less intrusive methods will suffice . . . Section 2518
> does not foreclose electronic surveillance until every
> other  imaginable  method  of  investigation  has  been
> unsuccessfully attempted . . . however, it does require
> the Government to show why alternative measures are
> inadequate for this particular investigation.

United   States   v.   Perez,   661   F.3d   568,   581   (11th   Cir.

2011)(citations and quotation marks omitted).   Thus, a judge may

authorize the interception if "normal investigative procedures have

been tried and have failed or reasonably appear to be unlikely to

succeed if tried or to be too dangerous."   18 U.S.C. § 2518(3)(c).

In  Perez,  as  in  this  case,  defendant  argued  that  the

Government's success in obtaining evidence prior to receiving the

wiretap order demonstrated that the "necessity" requirement was not

met.   This argument was rejected in Perez and will be rejected in

this case.   "The partial success of alternative investigative

measures,   however,   does   not   necessarily   render   electronic

surveillance unnecessary."   Perez, 661 F.3d at 581.   It "is unrealistic to require the termination of an investigation before the entire scope of the [conspiracy] is uncovered and the identity of its participants learned."   Perez, 661 F.3d at 582 (citation omitted).   The Court concludes, for the reasons set forth by the magistrate judge, that the Government satisfied the necessity requirement.   The Court also agrees with the magistrate judge that defendants Rashid Francois and Eric Bonita were not aggrieved persons under the statute and, therefore, do not have standing to challenge the interception order.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #190) is **ACCEPTED AND ADOPTED**, and is incorporated into this Opinion and Order.

2.  Neheme Ductant's Motion to Suppress Wiretap Evidence (Doc. #118) is **DENIED**.

3.  Rashid Francois' Renewed Motion to Adopt Co-Defendant's Motion to Suppress Wiretap Evidence (Doc. #162) is **DENIED**.

4.  Eric Bonita's Renewed Motion to Adopt Co-Defendant's Motion to Suppress Wiretap Evidence (Doc. #165) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of May, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record