UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                        CASE NO: 2:11-cr-97-JES-NPM

RASHID FRANCOIS

_____

### OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Modification Runing [sic] Sentence Conterminous with State (Doc. #835) filed on June 9, 2023.  The government filed a Response (Doc. #837) on June 23, 2023, and defendant filed a Reply (Doc. #839) on July 11, 2023.  Defendant seeks to modify his federal sentence to run conterminous with his current state sentence.

On September 28, 2011, a grand jury returned an Indictment (Doc. #3) charging defendant and others with conspiracy to manufacture, possess with intent to distribute, and to distribute 28 grams or more of crack cocaine.  Defendant was not named in any of the twelve substantive counts.  Defendant entered a plea of guilty as to Count One pursuant to a Plea Agreement (Doc. #229), which was accepted on July 12, 2012.  (Doc. #234.)  The Presentence Report calculated a total offense level of 36 and a criminal history category of Category IV.  The resulting range of imprisonment was 262 to 327 months of imprisonment.  (Doc. #707, p. 11.)  At sentencing on November 13, 2012, a downward departure

was denied.  (Docs. #417, #418.)  The Court granted a variance under United States v. Booker, 543 U.S. 220 (2005).  (Doc. #707, p. 17.)  On November 15, 2012, Judgment (Doc. #419) was entered sentencing defendant to 240 months of imprisonment "to be served concurrently, but not coterminously[1] with the state sentence the defendant is currently serving imposed in Case No. 11-CF-14169, in Lee County Circuit Court."  (Id. at p. 2.)  "He will be in a Florida facility for the first portion of his sentence, then could well be into the federal facility someplace; and, to that extent the Court would recommend that any designated federal facility that comes into play be one that is as close to family members as possible."  (Doc. #707, p. 20.)  Upon release, defendant is subject to an 8-year term of supervised release.  (Doc. #419, p. 3.)  On September 15, 2017, defendant was found to be eligible for relief under Amendment 782 of the U.S. Sentencing Guidelines, and defendant's term of imprisonment was reduced to 210 months to be

---

[1] A sentence is considered "concurrent" when it is to be served simultaneously with another sentence. Black's Law Dictionary 1569 (10th ed. 2014). But, that does not mean the sentences will end at the same time. When the sentences are to end at the same time, the second one is called "coterminous." See Whitfield v. Florida, 95 So. 3d 964, 965 n.3 (Fla. 5th DCA 2012) (per curiam) ("A coterminous sentence is a sentence that runs concurrently with another sentence and is ordered to terminate simultaneously with the other sentence.")."
Jones v. United States, No. 2:19-CV-291-FTM-29UAM, 2019 WL 2076684, at *2 n.1 (M.D. Fla. May 10, 2019).

served concurrently but not coterminously with the state sentence. (Doc. #714.)

While still in state custody, defendant seeks to apply future potential gain time credits that he may be eligible for if he was serving time in a federal prison. The government construes the request as essentially seeking a reduction or mitigation of the federal sentence because it is approximately 2.5 years longer than the state sentence defendant is currently serving.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute. Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2)." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Defendant does not assert that any of the three circumstances apply, only that the Court should apply "equal justice to the Petitioner's rights

as a state prisoner and Federal prisoner." (Doc. #839, p. 2.) The Court finds no basis under Section 3582 to reduce or modify defendant's sentence.

To the extent that defendant is seeking credit against his future sentence, only the Bureau of Prisons, as the designated agent of the Attorney General, has the authority to determine the amount of credit a federal prisoner should receive or when a federal sentence begins. United States v. Wilson, 503 U.S. 329, 335-336 (1992); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990). As noted by defendant, he must first pursue administrative remedies through the federal prison system, and if dissatisfied with the result, further administrative action may be taken. United States v. Lucas, 898 F.2d 1554, 1555 (11th Cir. 1990). After exhaustion of administrative appeals, "[a] claim for credit for time served is brought under 28 U.S.C. § 2241." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Section 2241 sets forth where such an application would be filed based on the location of custody. 28 U.S.C. § 2241(d). Defendant acknowledges the general rule that the Court has no authority to grant credit for time in federal custody because such determinations are made by the Bureau of Prisons and may not be presented to the Court until exhausted. (Doc. #835, p. 3.) The Court finds no general authority to grant future credits while defendant remains in state custody.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Modification Runing [sic] Sentence Conterminous with State (Doc. #835) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___5th___ day of September 2023.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record