UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RASHID FRANCOIS,

    Plaintiff,

v.                                    Case No: 2:23-cv-425-JES-NPM
                                        Case No. 2:11-CR-00097-JES-NPM
UNITED STATES OF AMERICA,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #836)[1] filed on June 9, 2023. The government filed a Response in Opposition to Motion (Cv. Doc. #7) on August 28, 2023.

**I.**

On September 28, 2011, a federal grand jury in Fort Myers, Florida returned an Indictment (Cr. Doc. #3) charging petitioner and his co-defendants with conspiracy to manufacture, possess with intent to distribute, and to distribute 28 grams or more of crack cocaine in Count, and charging the co-defendants with eleven substantive counts. Defendant entered a plea of guilty pursuant

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

to a Plea Agreement (Cr. Doc. #229), which was accepted on July 12, 2012. (Cr. Doc. #234.) On November 13, 2012, the Court sentenced petitioner to a term of imprisonment of 240 months, to be served concurrently, but not coterminously with the state sentence defendant was currently serving in Case No. 11-CF-14169, in the Lee County Circuit Court, followed by a term of supervised release. (Cr. Doc. #417.) Judgment (Cr. Doc. #419) was filed on November 15, 2012. Petitioner did not appeal to the Eleventh Circuit, and the conviction became final 14 days after the Judgment on November 29, 2012. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

On June 15, 2016, the Court appointed the Federal Public Defender to consider whether defendant may be eligible for relief under Amendment 782 of the U.S. Sentencing Guidelines. (Cr. Doc. #676.) United States Probation issued a Memorandum (Cr. Doc. #679) indicating that defendant was eligible for relief. On September 15, 2017, the Court granted relief under Amendment 782 and reduced defendant's sentence to 210 months, to be served concurrently, but not coterminously with the state sentence. (Cr. Doc. #714.) On September 5, 2023, the Court denied defendant's motion to modify defendant's sentence to run coterminously with his federal sentence. The Court found no basis for relief under 18 U.S.C. § 3582 and no general authority to grant future credits while defendant remains in state custody. (Cr. Doc. #846.)

**II.**

Petitioner seeks reconsideration of his qualification for the 500-hour Residential Drug Abuse Program offered by the Bureau of Prisons but not yet available to him while in state custody. Petitioner argues a violation of his equal protection rights.

**A. Evidentiary Hearing Standard**

"[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. Viewing the facts alleged in the light most favorable to petitioner, the Court finds that the record establishes that petitioner is not entitled to relief, and therefore an evidentiary hearing is not required.

**B. Timeliness of Filing**

Petitioner's motion under § 2255 is untimely on its face as it was not filed within a year of the judgment becoming final.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;

> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Petitioner implies that his claim was not cognizable until the First Step Act was passed, or until after The Brennon Center for Justice report was issued on September 23, 2022, about the impact of the First Step Act.  (Cv. Doc. #1, p. 6.)  To the extent that petitioner is asserting that the First Step Act is the basis for the motion, the motion is still untimely as it was passed in 2018.  The Brennon Center for Justice report did not create a new right recognized by the Supreme Court and does not render the motion timely.  The motion will be dismissed as untimely.

### C. Merits of Claim

Petitioner appears to take issue with his participation in a State of Florida drug program not providing credit towards his federal sentence the way the federal program does for the federal

sentence. For the reasons stated below, the Court does not have jurisdiction to entertain petitioner's claim.

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing. When a prisoner, [] alleges that his sentence was imposed in violation of the ... laws of the United States ... or is otherwise subject to collateral attack, 28 U.S.C. § 2255(a), a district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (internal quotation marks and citation omitted).

The Bureau of Prisons determines the eligibility of a prisoner to participate in a residential substance abuse treatment program, and whether a prisoner remains in custody after completion. "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). "Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest." Cook v. Wiley, 208 F.3d 1314, 1323 (11th Cir. 2000).

When seeking review of an early release program, "which relates to the fact or duration of confinement", "2241 appears to be the proper jurisdictional basis for review of his petition." Santiago-Lebron v. Fla. Parole Com'm, 767 F. Supp. 2d 1340, 1347 (S.D. Fla. 2011). "A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence." Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008).

Petitioner is attacking the execution and applicability of the program to his *future* sentence and the potential for early release, and not the actual sentence imposed or its legality. As such, the claim is not properly before the Court under § 2255, and alternatively it is premature.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #836) is **DISMISSED** as untimely and alternatively **DISMISSED** for lack of jurisdiction.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of September 2023.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA

- 7 -